CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 27 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER ANDRE WILSON,<br>Plaintiff, | Civil Action No. 7:06cv00619 |
| v. | **MEMORANDUM OPINION** |
| DANVILLE ADULT DETENTION CENTER<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Roger Andre Wilson, a Virginia inmate proceeding pro se, brought this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff alleged that the defendant was "negligent" as to his medical needs. Plaintiff complains that supervisory personnel and medical staff at the Danville Adult Detention Center denied his "medical rights," "denied me my medical appointments for the doctor appointment and for a MRI appointment," and that he "suffered mental and physical stress, aches and pains due to all this neglect." He seeks "compensation for mental and physical stress, aches and pains, and for medical costs for missing doctors' appointments." Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

On October 31, 2006, this court entered an order conditionally filing plaintiff's complaint and instructing him to amend to state a claim and name proper defendants. Plaintiff has submitted a desultory attempt at amendment, still failing to name proper defendants. However, documentation that plaintiff submitted clarifies plaintiff's claim, to a point. He states that he had an appointment

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

1

for magnetic resonance imaging ("MRI") on September 20, 2006, with a follow-up appointment on September 21, 2006. The crux of his argument is that defendant's negligence, evidenced by its personnel's failure to transport plaintiff to these appointments, "violated my civil rights acts."

Generally, an allegation of mere negligence as to an inmate's health and safety is not actionable under §1983. See Daniels v. Williams, 474 U.S. 327 (1986); see also Davidson v. Cannon, 474 U.S. 344 (1986). Further, in order to state an Eighth Amendment claim of inadequate medical care, a plaintiff must allege facts sufficient to demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the named defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Moreover, to bring such a claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Plaintiff has not alleged any facts which suggest that the defendant was aware that he was suffering from a severe medical condition. Even assuming that plaintiff had a serious medical need, at most the defendant was negligent as to plaintiff's wish to keep a previously scheduled appointment, which is not a cognizable constitutional claim.[2]

---

[2] Inasmuch as plaintiff may be a pre-trial detainee (his complaint is unclear as to this point), plaintiff's claim would be evaluated under the due process clause instead of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Accordingly, in evaluating the constitutionality of conditions of confinement for pretrial detainees, the court must determine whether the challenged conditions amount to punishment. Id. Unless the detainee plaintiff can show that officials intended to punish him through conditions of confinement, conditions cannot be considered punishment so long as they are rationally connected to a legitimate, nonpunitive penological purpose and are not excessive in relation to that purpose. Id. Plaintiff has not made any such showing.

2

Moreover, disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care; rather, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Indeed, in the context of short-term prisoners (a category in which plaintiff apparently is properly classified, being an inmate at the Danville Adult Detention Center), states may deny inmates elective medical treatment. Kersh v. Bounds, 501 F.2d 585, 588-89 (4th Cir. 1974).

Accordingly, plaintiff's contentions are not actionable under the Eighth Amendment. Although plaintiff believes that the institutional staff or medical staff failed to treat his medical needs by keeping his scheduled appointments, such actions do not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

Based on the foregoing, I find that plaintiff has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

3

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 27th day of November, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge